Mudge *v.* Pierce.

charge; *that* nothing was paid; and *that* nothing was said about the length of credit; *that* he did not again see the defendant; *that* defendant did not receive the articles or give any direction about their being sent; and *that* deponent sent them by Harnden's express, directed to Bangor, the residence of defendant.

*Peters*, for plaintiff. Usage fixes the term of credit at six months. A sale and a forwarding were proved. In the absence of direction, as to the sending, custom justifies the course taken. Even if never received, defendant would be liable for the price. Plaintiffs would have been liable to defendant in trover.

In its principles, though not in its facts, this case is like *Merrill* v. *Parker*, 24 Maine, 89.

*Sanborn*, for defendant.

---

## MUDGE *versus* PIERCE.

Where the quantity of lumber is in question, though the witness at first testify from his recollection of the scale bill, yet if he have knowledge of the quantity, irrespective of the scale bill, he may testify to the quantity, without the production of the scale bill.

If the defendant propose to read a letter to himself from the plaintiff and one from himself in reply, it is not ground of exception, that he was required to read first the one written by himself.

ASSUMPSIT. Lumbert had an interest in a lot of land. The plaintiff owned an adjoining lot. They arranged that one Bachelder should cut and haul timber from said land at a fixed rate per thousand feet.

Bachelder entered upon the work but soon quit it.

From his cutting and hauling from the Lumbert lot, the

plaintiff derived no benefit; and he contended that he could owe very little, if any thing, for the operations by Bachelder on his, the plaintiff's, land, because there was very little, if any, timber cut and hauled therefrom.

Bachelder obtained from the defendant his supplies for the operation, on a credit; and in order to pay for the same, he requested the plaintiff to remit to the defendant whatever sum the plaintiff might be owing to Bachelder for the cutting and hauling of the timber. The defendant wrote a letter to plaintiff, containing, among other things, a request that the money should be forwarded to him. The plaintiff accordingly remitted to the defendant $200, for which the defendant accounted to Bachelder. The plaintiff now contends that he was not owing Bachelder; that he paid the money through a mistake, and brings this suit to recover it back from the defendant. The defendant contends that the plaintiff contracted with Bachelder to pay him for operating on the Lumbert lot as well as on his own.

Evidence upon all these matters was presented to the jury.

The defendant requested instruction to the jury that the letter from the defendant to the plaintiff, (of which the Reporter finds no copy among the papers,) did not prove a contract upon which the plaintiff can recover in this suit. There were other instructions. But by the verdict they are rendered immaterial.

The instruction was that if, in fact, the plaintiff was not indebted to Bachelder, but paid the $200 to the defendant under an erroneous belief that he owed that sum to Bachelder, and for the purpose of discharging that indebtedness, then that payment was a good consideration to support the defendant's promise, *if he made one*, to refund the money.

E. R. Mudgett, for plaintiff, testified to the quantity of lumber which Bachelder cut, and that it was wholly from the land of Lumbert; that that was the amount on the scale-bill. The defendant objected to the testimony. Mudgett then testified that he had searched for the bill, without find-

Brown *v.* Dodge.

ing it; but supposed it was still in his possession. He then further testified as to the quantity.

At the trial, the defendant offered to read a letter from the plaintiff to the defendant, with the defendant's answer. The Judge ruled, that the letter from the plaintiff might be read, but not until after the letter from the defendant should be read. Neither letter was read.

The verdict was for the plaintiff, and the defendant excepts.

*Rowe,* for plaintiff.

*Ingersoll,* for defendant.

HOWARD, J., orally. — The objection as to Mudgett's testimony cannot prevail, because he testified finally as to his knowledge of the quantity of timber, irrespective of the scale bill.

The instruction, that the letter from the defendant should be first read was correct.

The defendant requested instruction, that the plaintiff could not recover except upon some contract by the defendant to refund the money. The ruling was that as the defendant had received the $200, that was a sufficient consideration, if the defendant had promised to repay. We consider the letter to contain such a promise. *Exceptions overruled.*

NOTE. — WELLS, J., at the time of the argument, was holding the jury term at Piscataquis county, and took no part in this decision.